UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLAUDIA BARRY,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>    Defendants. | Case No. 15-cv-04606-BLF<br><br>**ORDER GRANTING WITH LEAVE TO AMEND WELLS FARGO'S MOTION TO DISMISS AND QUALITY LOAN'S JOINDER TO MOTION TO DISMISS**<br><br>[Re: ECF 25, 27] |

Plaintiff Claudia Barry ("Barry") brings this action arising out of foreclosure proceedings against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Quality Loan Service Corporation ("Quality Loan"). This matter comes before the Court upon Wells Fargo's motion to dismiss Barry's first amended complaint ("FAC"), pursuant to Fed. R. Civ. P. 12(b)(6), Mot., ECF 25, and Quality Loan's joinder to Wells Fargo's motion, ECF 27. Barry did not file an opposition to the motion but appeared at the hearing on June 23, 2016. ECF 37. For the reasons discussed below, Wells Fargo's motion to dismiss and Quality Loan's joinder are GRANTED WITH LEAVE TO AMEND.

**I.   BACKGROUND**

The following facts are taken from Barry's FAC and Wells Fargo's request for judicial

notice.[1] In 2007, Barry and her co-borrower, Warren L. Barry, acquired a loan from Wells Fargo in the amount of $1,325,000 secured by a deed of trust to residential property located at 12340 Clayton Road, San Jose, CA 95127. Exh. A to RJN, ECF 25-1 at 4; FAC at 3. According to Barry, at all times material to the FAC, she resided at 12340 Clayton Road. FAC at 1.

In October 2012, Barry alleges that Wells Fargo sent her letters that stated "it was representing various parties having rights under the" deed of trust. FAC at 3. "After a diligent investigation, [Barry] determined that [Wells Fargo] had never acquired any rights to foreclose or collect any money from [her] and that its representations were false, misleading, unfair, and deceptive." FAC at 3. Barry also asked Wells Fargo how it obtained her personal and private banking, financial, and identifying information. FAC at 4. Barry alleges that Wells Fargo refused to provide this information to her and instead made false representations and threatened to foreclose her property. FAC at 4-6. Barry alleges Wells Fargo also did not validate her debt within five days of her contacting them. FAC at 6.

In October 2014, after Barry fell behind on the loan, Quality Loan recorded a notice of default in the Santa Clara County Recorder's Office, which informed Barry that she was $76,675.75 in the arrears. Exh. B to RJN, ECF 25-1 at 30. Barry alleges that Quality Loan is a debt collector and has engaged in unfair and deceptive debt collection practices. FAC at 28. When Barry did not cure the default, a notice of trustee's sale was subsequently issued and recorded on May 28, 2015. Exh. C to RJN, ECF 25-1 at 35. The trustee's sale was scheduled for June 18, 2015. *Id*. at 36.

On July 24, 2015, Barry filed for Chapter 13 bankruptcy but that case was dismissed on October 20, 2015 after she did not file required documentation.[2] Case No. 15-52423, (Bankr. N.D. Cal. 2014). Barry also filed for Chapter 13 bankruptcy on October 7, 2015. Case No. 15-53196, (Bankr. N.D. Cal. 2014). On December 21, 2015, that action was also dismissed after

---

[1] For the reasons explained *infra* at Section II.C, the Court GRANTS Wells Fargo's request for judicial notice.
[2] The Court takes judicial notice of Barry's bankruptcy filings as they are court filings that are matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

1    Barry failed to file necessary documents. *Id*. On October 6, 2015, the day before Barry filed her

2    second bankruptcy, she filed the instant action.

3         In her amended complaint, Barry alleges that on December 21, 2015 she "entered into a

4    license agreement" with Quality Loan that included a liquidated damages clause for any breach.

5    FAC at 34, ECF 24. According to Barry, she sent Quality Loan a license agreement for the use of

6    her identifying information, including her credit file, bank accounts, financial information, tax

7    records, and other personal information. FAC at 34; Exh. D to FAC, ECF 24-5. Barry claims that

8    Quality Loan was "given a period of time to notice [her] of its intent to be excluded from the

9    license terms…[and Quality Loan] failed to comply with the 'opt-out' provisions that would have

10   excluded itself from the obligations under the license agreement." FAC at 34. Barry alleges

11   Quality Loan is in breach of the agreement, and is liable for liquidated damages in the amount of

12   2.46 ounces of gold per diem beginning on December 21, 2015, or its equivalent in Bitcoin. FAC

13   at 35. Exh. D to FAC at 8, ECF 24-5.

14        On December 23, 2015, Barry filed a motion for leave to file the FAC which the Court

15   granted on December 29, 2015. On February 4, 2016, Barry filed her FAC alleging (1) violations

16   of the Fair Debt Collection Practices Act, (2) "identity theft," and (3) breach of contract and

17   liquidated damages.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the

3

1  pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire &*
2  *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

3   **B.    Leave to Amend**

4   Under Rule 15(a), a court should grant leave to amend "when justice so requires," because
5  "the purpose of Rule 15…[is] to facilitate decision on the merits, rather than on the pleadings or
6  technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A court may deny
7  leave to amend for several reasons, including "undue delay, bad faith, . . . [and] futility of
8  amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

9   **C.    Requests for Judicial Notice**

10  Wells Fargo requests judicial notice of three exhibits: (1) Deed of Trust recorded on
11 January 18, 2007, in the Official Records of Santa Clara County as Document Number 19282693;
12 (2) Notice of Default and Election to Sell Under Deed of Trust which were recorded on October
13 15, 2014, in the Official Records of Santa Clara County as Document Number 22741832; (3)
14 Notice of Trustee's Sale recorded on May 28, 2015, in the Official Records of Santa Clara County
15 as Document Number 22967698. ECF 25-1. Barry did not object to Wells Fargo's requests for
16 judicial notice.

17  The Court finds that judicial notice is appropriate as to the existence of all three exhibits.
18 Exhibits 1-3 are public records that are recorded in the Santa Clara County Recorder's Office. *See*
19 *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). Accordingly, the
20 Court GRANTS Wells Fargo's request for judicial notice as to all three exhibits.

21 **III.   DISCUSSION**

22   **A.    Violations of the Fair Debt Collection Practices Act (Counts I, II, and VI)**

23  Barry's first and second causes of action allege Wells Fargo violated the Fair Debt
24 Collection Practices Act ("FDCPA"). FAC at 1-15. Count VI repeats the same allegations
25 contained in Count 1 but is alleged against Quality Loan. FAC at 27-33. Wells Fargo argues that
26 Barry has not stated any claims under the FDCPA for three reasons: (1) Wells Fargo is not a "debt
27 collector" under the FDCPA; (2) Barry has not alleged conduct prohibited by the FDCPA; and (3)
28 nonjudicial foreclosure proceedings do not constitute "debt collection" under the FDCPA. Mot. 5-

4

1   8, ECF 25.  Quality Loan also argues that Barry has not alleged it is a "debt collector" under the
2   FDCPA.  Mot. for Joinder 3-4, ECF 27.  Barry did not file an opposition and at the hearing,
3   argued that she needed discovery before she could adequately state her claims.
4           In order to allege a claim under the FDCPA, "a plaintiff must allege facts that establish the
5   following: (1) the plaintiff has been the object of collection activity arising from a consumer debt;
6   (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA;
7   and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement
8   imposed by the FDCPA." *Spangler v. Selene Fin. LP*, Case No. 16-cv-01503-WHO, 2016 WL
9   3951654, at *6 (N.D. Cal. July 22, 2016) (quotations omitted).  Under the FDCPA, a "debt
10  collector" is defined as "any person…in any business the principal purpose of which is the
11  collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts
12  owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a.
13          Wells Fargo is not a debt collector as defined by the FDCPA.  A mortgage company's
14  attempt to collect its own debt does not make it a "debt collector" under the FDCPA.  *See, e.g.*
15  *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014) (collecting cases).
16  Barry's allegations and the exhibits contained to the request for judicial notice reflect only that
17  Wells Fargo is attempting to collect on its own debt.  FAC at 3 ("The deed secured the payment of
18  a promissory note made payable to WELLS FARGO BANK, N.A., the lender stated on the trust
19  deed."); *see also* Exhs. A, B, and C to RJN, ECF 25.  Barry's inability to adequately allege Wells
20  Fargo is a "debt collector" is fatal to all of her FDCPA claims.
21          Moreover, even assuming Wells Fargo is a debt collector under the FDCPA, Barry has not
22  sufficiently alleged any conduct by Wells Fargo that violates the statute.  Barry makes general
23  allegations that do not adequately identify any improper actions by Wells Fargo.  For example,
24  Barry alleges that Wells Fargo made false representations but fails to allege what those false
25  representations were or when they occurred.  FAC at 5-6.  To the extent Barry is relying on Wells
26  Fargo's nonjudicial foreclosure to allege a violation of the FDCPA, a nonjudicial foreclosure does
27  not constitute debt collection under the FDCPA.  *Ligon v. JP Morgan Chase Bank*, Case No. 11-
28  cv-2504-MEJ, 2011 WL 2550836, *3 (N.D. Cal. June 27, 2011) (collecting cases).

1	Similarly, with respect to Quality Loan, Barry has not adequately alleged Quality Loan
2	qualifies as a "debt collector" under the FDCPA.  *See, e.g.*, *Eng v. Dimon*, Case No. 11-cv-3173-
3	MMC, 2012 WL 2050367, at *3 (N.D. Cal. June 6, 2012) (noting that the act of foreclosing
4	pursuant to a deed of trust is not a "debt collection" under the FDCPA).
5	As to Barry's argument at the hearing that she needs discovery, she has not explained why
6	she needs discovery in order to the cure deficiencies noted above.  A motion to dismiss tests the
7	sufficiency of the complaint, and extrinsic evidence is not usually considered in ruling on a motion
8	to dismiss.  Barry has not adequately explained how the information she seeks has any bearing on
9	her ability to respond to the pending motions or her ability to cure any defects in the FAC.  In fact,
10	it seems many of the deficiencies noted above could be cured through information already known
11	to Barry.
12	Accordingly, the Court GRANTS Wells Fargo's and Quality Loan's motions to dismiss
13	counts 1, 2, and 6 of Barry's FAC.

### B. Identity Theft (Counts III and IV)

15	Barry also brings two claims for identity theft against Wells Fargo.  FAC at 15-20, 20-24.
16	Barry has not identified, and the Court cannot discern, the legal basis for her claim.  In California,
17	"identity theft" is a criminal and not a civil cause of action.  *See, e.g.*, Cal. Penal Code § 530.5.
18	There also California civil statutes that prohibit debt collectors from collecting on debts arising out
19	of the theft of someone's identity.  Cal. Civ. Code §§ 198.92-1798.97.  However, Barry does not
20	allege that someone stole her identity and took out the mortgage at issue on her home so these
21	statues are inapplicable.
22	Buried in her identity theft allegations, Barry also states that Wells Fargo violated her
23	"rights to privacy." FAC at 17, 22.  Since Barry is *pro se*, the Court construes this as a claim
24	under the California constitutional right to privacy and/or a common law invasion of privacy tort
25	claim.  To allege a violation of California's constitutional right to privacy, Barry must allege: "(1)
26	a legally protected privacy interest; (2) a reasonable expectation of privacy under the
27	circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the
28	protected privacy interest." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1024 (N.D. Cal. 2012)

6

(citing *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35-37 (1994)). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. 4th at 37. In order to plead a common law invasion of privacy tort claim, Barry must allege "(1) intrusion into a private place, conversation or matter (2) in a manner highly offensive to a reasonable person." *Low*, 900 F. Supp. 2d at 1025 (citing *Shulman v. Group W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998)). "The California Constitution and the common law set a high bar for an invasion of privacy claim. Even disclosure of personal information, including social security numbers, does not constitute an 'egregious breach of social norms' to establish an invasion of privacy claim." *Id*. (collecting cases).

Here, Barry has not sufficiently alleged an "egregious breach of social norms." She claims that beginning in October 2015, Wells Fargo wrote and telephoned her and threatened to take her home and money unless she provided certain financial, personal, and identifying information to it. FAC at 16. Barry stated that "[c]opies of these written communications and a log of telephone communications are attached as Exhibit A." *Id*. No such logs were attached to the FAC. She also alleges the information Wells Fargo took came from the public records. FAC at 16, 17, 21, 22. She fails to adequately allege how she has an expectation of privacy regarding information in the public records. She also claims Wells Fargo tricked her into disclosing her private information but does not adequately describe what private information she disclosed to Wells Fargo. FAC at 17, 22. In sum, her allegations do not rise to the level of stating a claim under the California constitution or common law. Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Barry's counts III and IV of the FAC for identity theft.

### C. Damages (Count V)

Barry's fifth cause of action is labeled "Damages" but cites 15 U.S.C. § 1635 and *Jesinoski v. Countrywide Home Loans*, --- U.S. --- , 135 S. Ct. 790 (2015). Construing this liberally in light of Barry's pro se status, the Court interprets this as an attempt to state a claim under the Truth in Lending Act ("TILA"). Barry alleges that "[t]he creditor failed to provide [her] with the appropriate form of written notice published and adopted under the provisions of [TILA]." FAC

7

1  at 25.  She claims she "notified [Wells Fargo] of his (*sic*) right to rescind" on June 27, 2015.  *Id*. at
2  26.
3      Under TILA, a borrower has three days after the consummation of a loan to rescind the
4  transaction.  15 U.S.C. § 1635(a).  TILA extends the period from three days to three years if the
5  lender did not provide notice of the borrower's right of rescission or fails to make a material
6  disclosure.  15 U.S.C. § 1635(f).  Here, Barry consummated her mortgage loan in January 2007,
7  FAC at 3, and thus her attempt to rescind the loan in June of 2015 is well beyond even the longest
8  time period allowed by TILA.  Accordingly, the Court GRANTS Wells Fargo's motion to dismiss
9  Barry's cause of action under TILA.

### D.  Breach of Contract and Liquidated Damages (Count VII)

Barry's seventh cause of action alleges Quality Loan breached a license agreement that included liquidated damages for any breach.  FAC at 34.  "A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  *Miles v. Deutsche Bank National Trust Co.*, 236 Cal.App.4th 394, 402 (2015) (quoting *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (2008)).

Here, Barry has not adequately alleged the existence of a contract.  She claims that Quality Loan entered into a licensing agreement.  FAC at 34.  As evidence of this purported agreement, she attaches a "Data Retention Policy," which is a December 21, 2015, letter that was authored by her and addressed to Quality Loan.  Exh. D to FAC, ECF 24-5.  Her letter included a proposed data licensing agreement.  *Id*.  The Court notes that the alleged license agreement was dated the same date that Barry signed the FAC.  *Id*.  However, Barry provides no allegations or documents suggesting that Quality Loan agreed to be bound by such an agreement.  As a result, Barry has not sufficiently pled the existence of a contract and the Court GRANTS Quality Loan's motion to dismiss Barry's seventh cause of action.

### E.  Leave to Amend

Barry is proceeding *pro se* and the Court is mindful that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519,

*United States District Court*
*Northern District of California*

1   520 (1972). However, this liberal standard does not fully absolve Barry's responsibility to comply
2   with the Federal Rules of Civil Procedure. Her FAC violates Fed. R. Civ. P. 8(a)(2) and 10 by
3   repeating allegations, *compare* FAC at 1-7 *with* FAC at 27-33, and containing no numbered
4   paragraphs or even numbered pages. These rules require a pleading to contain a "short and plain
5   statement of the claim showing that the pleader is entitled to relief" and to state the claims "in
6   numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R.
7   Civ. P. 8(a)(2) and 10.

8   Moreover, Barry's FAC lacks any factual detail and consists of allegations that entirely
9   duplicative of allegations from other legal actions. *See, e.g.*, *Crisp v. Allied Interstate Collection
10  Agency*, Case No. 15-cv-303 (M.D.N.C.);[3] *Goldberg v. Northwest Trustee Servs.*, Inc., 15-cv-216-
11  CWD (D. Idaho). For example, Barry, a woman, copies the following allegation from the
12  complaint in *Crisp*: "The Defendant failed to provide the Plaintiff with validation of debt within
13  five business days of contacting *him*." *Compare Crisp*, 149 F. Supp. 3d 589, 592 (M.D.N.C.
14  2016) *with* FAC at 6 (emphasis added). Her complaint and FAC appear in the same typeface and
15  format as the complaints in *Crisp* and *Goldberg* and contain the same exact typos and grammatical
16  errors.

17  In the absence of any specific allegations against Wells Fargo or Quality Loans, the Court
18  is unable to determine whether Barry may state a viable claim and it is not the Court's obligation
19  to "shoulder the full burden of fashioning a viable complaint for a pro se plaintiff." *Simon v.
20  Shawnee Corr. Ctr.*, Case No. 13–521–GPM, 2013 WL 3463595, at *1 (S.D.Ill. July 9, 2013).
21  Because the FAC lacks any real factual detail, the Court cannot at this time rule out the possibility
22  that Barry might have the potential of stating a claim. As a result, the Court will give Barry one
23  attempt to plead specific allegations as to Wells Fargo and Quality Loan. *See Lucas v. Dep't of
24  Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no
25  amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's
26  deficiencies and an opportunity to amend prior to dismissal of the action."). Although the Court is

---

[3] In *Crisp*, the court noted that "Crisp's complaint consists of boilerplate accusations that appear to have been copied wholesale from a different legal action in Ohio." *Crisp*, 149 F. Supp. 3d at 590.

giving Barry leave to amend, Barry may not add new causes of actions or parties without leave of Court.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Wells Fargo's motion to dismiss and Quality Loan's motion for joinder is GRANTED with leave to amend. Any amended complaint is due **on or before September 8, 2016.** No new causes of action or parties may be added without leave of Court. Failure to meet the September 8, 2016 deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of all of Barry's claims in this action.

Barry may wish to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. The Federal Pro Se Program has offices in two locations, listed below. Help is provided by appointment and on a drop-in basis. Parties may make appointments by calling the program's staff attorney, Mr. Kevin Knestrick, at 408-297-1480. Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

Federal Pro Se Program
United States Courthouse
280 South 1st Street
2nd Floor, Room 2070
San Jose, CA 95113
Monday to Thursday 1:00 pm – 4:00 pm
Fridays by appointment only

Federal Pro Se Program
The Law Foundation of Silicon Valley
152 North 3rd Street
3rd Floor
San Jose, CA 95112
Monday to Thursday 9:00 am – 12:00 pm
Fridays by appointment only

**IT IS SO ORDERED.**

Dated: August 11, 2016

_____
BETH LABSON FREEMAN
United States District Judge