United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CLAUDIA BARRY,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>        Defendants. | Case No. 15-cv-04606-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF 42, 44] |

Plaintiff Claudia Barry ("Barry") brings this action arising out of foreclosure proceedings against Defendants Wells Fargo Home Mortgage, Wells Fargo Bank, N.A. (collectively, "Wells Fargo") and Quality Loan Service Corporation ("Quality Loan"). This matter comes before the Court upon Wells Fargo's motion to dismiss Barry's second amended complaint ("SAC"), Mot., ECF 42, and Quality Loan's joinder to Wells Fargo's motion, ECF 44. Barry did not file an opposition to the motion. Pursuant to Civ. L.R. 7-1(b), the Court found Defendants' unopposed motion to dismiss suitable for submission without oral argument and vacated the hearing scheduled for February 16, 2017. For reasons set forth below, the Court GRANTS the motion.

**I.  BACKGROUND**

Based on Defendants' evidence, which the Court judicially notices and Barry's allegations and exhibits to her complaint, the following facts and allegations are provided as background.

In 2007, Barry and her co-borrower, Warren L. Barry, acquired a loan from Wells Fargo in the amount of $1,325,000 secured by a deed of trust to residential property located at 12340 Clayton Road, San Jose, CA 95127 (the "Property"). SAC 2-3, ECF 40; Deed of Trust ("DOT") Ex. A to RJN, ECF 43-1. According to Barry, at all times material to the SAC, she resided at the Property. SAC 1.

In October 2012, Barry alleges that Wells Fargo sent her letters that stated "it was representing various parties having rights under the [] deed of trust." *Id.* at 4. "After a diligent investigation, [Barry] determined that [Wells Fargo] had never acquired any rights to foreclose or collect any money from [her] and that its representations were false, misleading, unfair, and deceptive." *Id.* Barry also asked Wells Fargo how it obtained her personal and private banking, financial, and identifying information, to which Wells Fargo refused to answer the questions. *Id.* at 4-5. Barry alleges that Wells Fargo also "refused to identify its owners, principals or interests it claims to have in the plaintiff's property. *Id.* at 6. Instead, Barry claims that Wells Fargo "falsely represented that it does have certain legal rights under the trust deed." *Id.* Barry also alleges Wells Fargo "did not validate her debt within five days of her contacting him (sic)." *Id.*

In October 2014, Quality Loan recorded a notice of default in the Santa Clara County Recorder's Office, which states that Barry was $76,675.75 in the arrears. Ex. B to RJN, ECF 43-1 at 28. Barry alleges that Quality Loan is a debt collector and has engaged in unfair and deceptive debt collection practices. SAC 18. A notice of trustee's sale was subsequently issued and recorded on May 28, 2015, scheduling the sale on June 18, 2015 and noting that the amount of unpaid balance and other charges at the time was $1,344,534.67. Ex. C to RJN, ECF 43-1 at 33.

On July 24, 2015, Barry filed for Chapter 13 bankruptcy but that case was dismissed on October 20, 2015 after she did not file the required documentation.[1]  Case No. 15-52423, (Bankr. N.D. Cal. 2014). Barry also filed for Chapter 13 bankruptcy on October 7, 2015, which was later dismissed after Barry failed to file the necessary documents. Case No. 15-53196, (Bankr. N.D. Cal. 2014). On October 6, 2015, the day before Barry filed her second bankruptcy, she filed the instant action.

On December 23, 2015, Barry filed a motion for leave to file a first amended complaint which the Court granted on December 29, 2015. ECF 17. Barry then filed her first amended complaint on February 4, 2016, which Defendants subsequently moved to dismiss. ECF 24, 25.

---

[1] The Court takes judicial notice of Barry's bankruptcy filings as they are court filings that are matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Barry did not oppose the motion but appeared at the hearing on June 23, 2016. ECF 36. The Court granted Defendants' motion to dismiss because the complaint contained insufficient allegations supporting any violation under the Fair Debt Collection Practices Act, the Truth in Lending Act and other causes of action. ECF 38. The Court gave Barry leave to amend and ordered that the second amended complaint shall be filed on or before September 8, 2016. *Id.* Barry did not timely file the SAC so the Court issued an order to Barry to show cause by October 28, 2016, why the case should not be dismissed for failure to comply with this Court's order and failure to prosecute the action. ECF 39. Barry did not respond to the order to show cause but filed the SAC on November 1, 2016. ECF 40. Now before the Court are Wells Fargo's unopposed motion to dismiss the SAC and Quality Loan's joinder to the motion to dismiss.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   DISCUSSION

Before turning to the merits of Defendants' arguments, the Court addresses their requests

for judicial notice.

### A. Requests for Judicial Notice

Wells Fargo requests judicial notice of six exhibits, attached to the request as Exhibits A through F: (A) Deed of Trust recorded on January 18, 2007, in the Official Records of Santa Clara County as Document Number 19282693; (B) Notice of Default and Election to Sell Under Deed of Trust which were recorded on October 15, 2014, in the Official Records of Santa Clara County as Document Number 22741832; (C) Notice of Trustee's Sale recorded on May 28, 2015, in the Official Records of Santa Clara County as Document Number 22967698; (D) this Court's August 11, 2016 Order granting motion to dismiss Barry's first amended complaint; (E) this Court's September 28, 2016 Order to Barry to show cause; and (F) this Court's February 4, 2016 Order regarding Barry's amended complaint. RJN, ECF 43.

Quality Loan request judicial notice of three exhibits, attached as Exhibits A, B, and C: (A) Substitution of Trustee recorded in the Santa Clara County Recorders' Office on July 30, 2014; (B) same document as Exhibit B to Wells Fargo's RJN; and (C) same document as Exhibit C to Wells Fargo's RJN. RJN, ECF 45.

Judicial notice is appropriate with respect to Wells Fargo's Exhibits A, B, and C, as well as Quality Loan's exhibits because they are public documents recorded in the Santa Clara County Recorder's Office. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record). Judicial notice is also appropriate with respect to Exhibits D, E, and F to Wells Fargo's RJN because they are documents publicly filed in this Court. *Id.*

Barry has neither opposed the requests for judicial notice nor disputed the authenticity of the documents. The requests for judicial notice are GRANTED with respect to all the exhibits attached to the requests of Wells Fargo and Quality Loan.

### B. Dismissal under Fed. R. Civ. P. 41

Wells Fargo argues that the SAC should be dismissed because Barry failed to prosecute and to comply with court orders. Mot. 5-7. Specifically, Wells Fargo contends that the Court has granted several opportunities to Barry to amend her complaint, but she has repeatedly failed to

timely respond by the various deadlines set forth in the Court's orders. Mot. 6-7.

Federal Rule of Civil Procedure 41(b) allows for involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Rule permits a court to dismiss an action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Although Barry has failed to comply with court orders, the Court declines to dismiss the SAC solely on this basis. Barry did not file the SAC by the September 8, 2016 deadline set by the Court's order granting Wells Fargo's prior motion to dismiss. After the Court directed Barry to show cause by October 28, 2016 for her failure to file the SAC, Barry did not respond to the order to show cause. Instead, Barry filed the SAC on November 1, 2016. Because Barry is pro se, the Court will make reasonable allowances for Barry and will liberally construe her late-filed SAC as an attempt to respond to the order to show cause. *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987).

The Court recognizes that two of the factors – public's interest in expeditious resolution of litigation and the court's need to manage its dockets – weigh in favor of dismissing the SAC. Nonetheless, Wells Fargo fails to point to any prejudice it would suffer if the case were not dismissed on this basis. The factors of public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives both weigh against dismissal, especially given that Wells Fargo also moves to dismiss the SAC on the merits. The totality of these factors does not overwhelmingly weigh in favor of dismissal and the Court will exercise its discretion to consider

1  the SAC as if it were timely filed.

2      **C.**    **Barry's SAC Fails to State a Claim**

3              **i.**    **Violations of the Fair Debt Collection Practices Act (Counts I, II, and V)**

Barry's first and second causes of action allege that Wells Fargo violated the Fair Debt Collection Practices Act ("FDCPA"). SAC 2-14. Count V repeats most of the allegations contained in Count I but is alleged against Quality Loan. *Id.* at 18-23. Wells Fargo argues that Barry has not stated any claims under the FDCPA for three reasons: (1) Wells Fargo is not a "debt collector" under the FDCPA; (2) Barry has not alleged any conduct by Wells Fargo prohibited under the FDCPA; and (3) nonjudicial foreclosure proceedings do not constitute "debt collection" under the FDCPA. Mot. 8-11, ECF 42. Quality Loan also argues that it is not liable for its conduct as a trustee under the FDCPA and that foreclosure proceeding is not debt collection under the FDCPA. Mot. for Joinder 2-4, ECF 44.

In order to allege a claim under the FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Spangler v. Selene Fin. LP*, Case No. 16-cv-01503-WHO, 2016 WL 3951654, at *6 (N.D. Cal. July 22, 2016) (quotations omitted). Under the FDCPA, a "debt collector" is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a.

As noted in the Court's prior order granting Wells Fargo's motion to dismiss, Wells Fargo is not a debt collector as defined by the FDCPA. Like the prior complaint, Barry's SAC contains no allegations to support how Wells Fargo acted as a debt collector towards her. A mortgage company's attempt to collect its own debt does not make it a "debt collector" under the FDCPA. *E.g.*, *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014) (collecting cases). Barry's allegations and the exhibits to the request for judicial notice reflect only that Wells Fargo was attempting to collect its own debt. SAC 4 ("The deed secured the payment of a

promissory note made payable to WELLS FARGO BANK, N.A., the lender stated on the trust deed."); *see also* Exs. A and B to RJN, ECF 43-1.  Barry's inability to adequately allege Wells Fargo is a "debt collector" is fatal to all of her FDCPA claims.

Moreover, even assuming Wells Fargo is a debt collector under the FDCPA, Barry has not plausibly alleged any conduct by Wells Fargo that violated the statute.  Barry makes several allegations, including that Wells Fargo created false records, made false representations that it holds the promissory note, or misrepresented its rights to foreclose on the Property, all of which are conclusory and contradicted by Barry's other allegations.  SAC 4-5; Mot. 10.  For example, it is unclear how Wells Fargo could misrepresent its rights to foreclose on the Property when it is the rightful owner of the DOT.  As to other alleged misrepresentations, the SAC fails to provide any specific statement or conduct that would qualify as a misrepresentation.  To the extent Barry is relying on Wells Fargo's non-judicial foreclosure to allege a violation of the FDCPA, a non-judicial foreclosure does not constitute debt collection under the FDCPA.  *E.g.*, *Fitzgerald v. Bosco Credit, LLC*, No. 16-01473-MEJ, 2016 WL 3844333, at *5 (N.D. Cal. July 15, 2016) (collecting cases).

Similarly, as to Count V against Quality Loan, Barry has not adequately alleged that Quality Loan qualifies as a "debt collector" under the FDCPA.  Barry acknowledges that Fidelity National Title Insurance Company ("Fidelity") was the original trustee on her DOT.  SAC 20.  Quality Loan was later substituted as trustee, replacing Fidelity.  Ex. A to Quality Loan's RJN, ECF 45-1.  As such, Quality Loan was acting as trustee with respect to the Property and cannot be a "debt collector" under the FDCPA based on its actions as a trustee.  *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 623 (9th Cir. 2016) (holding that "giving notice of a foreclosure sale to a consumer as required by the [California] Civil Code does not constitute debt collection activity under the FDCPA").  The allegations that Quality Loan made false representations are similarly unsupported for the reasons discussed above regarding Wells Fargo.  SAC 21-22.  More importantly, Quality Loan's action to carry out a non-judicial foreclosure is not a violation of FDCPA.  *Ho*, 840 F.3d at 621 (holding that "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the

FDCPA").

Accordingly, the Court GRANTS Defendants' motion to dismiss Counts I, II, and V of Barry's SAC.

### ii.  Damages (Counts III and IV)

Barry's third and fourth causes of action are labeled "Damages" and cite 15 U.S.C. § 1635 and *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015). SAC 14-18. Construing this liberally in light of Barry's pro se status, the Court interprets this as an attempt to state a claim under the Truth in Lending Act ("TILA"). The allegations in Barry's SAC remain the same as those in the first amended complaint so they are deficient for the same reasons. Barry alleges that she "served the defendant with a notice to rescind and the defendant failed to sue and re-establish the debt." SAC 15. She further claims she "notified [Wells Fargo] of his (*sic*) right to rescind" on June 27, 2015. *Id*. at 18; Ex. C to SAC.

Under TILA, a borrower has three days after the consummation of a loan to rescind the transaction. 15 U.S.C. § 1635(a). TILA extends the period from three days to three years if the lender did not provide notice of the borrower's right of rescission or fails to make a material disclosure. 15 U.S.C. § 1635(f). Here, Barry consummated her mortgage loan in January 2007, SAC 15, and thus her attempt to rescind the loan in June of 2015 is well beyond even the longest time period allowed by TILA. Mot. 12-13. *Jesinoski* cited by Barry is inapposite. 135 S. Ct. at 793. The Supreme Court in *Jesinoski* held that under § 1635(a), a borrower need not file a suit within the three year limitations period in order to exercise the right to rescind, and that a written notice to the lender would suffice. *Id.* However, whether Barry should have filed a lawsuit to rescind is not an issue here. Rather, Barry's TILA cause of action fails because Barry did not notify of her intent to rescind until more than eight years after the consummation of the mortgage loan. As confirmed by *Jesinoski*, there is "no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Id.* at 792.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Barry's causes of action under TILA.

### D. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

Prior to this case, Barry had a series of bankruptcy filings after the notice of default, all of which were dismissed due to her failure to comply with her obligations to file the required documents. While this is suggestive of bad faith, the record before the Court is insufficient to draw the ultimate conclusion of bad faith or dilatory motive. Undue prejudice to the opposing party also has limited application here because the complaint has given Defendants fair notice of the asserted claims. The Court, however, finds that the remaining factors – undue delay, repeated failure to cure deficiencies by amendments previously allowed, and futility of the amendment – to be dispositive.

As evidence of a repeated failure to cure the deficiencies, Barry has had two opportunities for substantive amendments to no avail to address the same issues identified by the two rounds of motions to dismiss. For example, the deficiencies of the FDCPA and the TILA claims identified in the Court's prior order are not cured in the SAC. In addition, the Court has already admonished Barry in the prior order that the first amended complaint violated Fed. R. Civ. P. 8(a)(2) and 10. These rules require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and to state the claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2) and 10(b). However, the SAC still repeats allegations and contains no numbered paragraphs or numbered pages, almost unchanged from the first amended complaint. *Compare* SAC at 2-8 *with* SAC 8-14; *compare*

9

SAC 2-8 *with* first amended complaint 1-7. This is but an example of Barry's repeated failure to remedy the deficiencies identified by the Court.

As to undue delay, Barry did not file her SAC by the September 8, 2015 deadline set by the Court and did not provide any reason for her delay in response to the order to show cause. As such, Barry's undue delay and repeated failures to cure the deficiencies weigh against granting leave to amend.

The Court further finds that any amendment would be futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.*; *see Utterkar v. Ebix, Inc.*, No. 14-02250-LHK, 2015 WL 5027986, at *8 (N.D. Cal. Aug. 25, 2015).

While Barry's SAC has removed certain deficient causes of action from the prior complaint, the allegations contained in the SAC remain mostly unchanged from her first amended complaint and suffer the same deficiencies. First, just like the first amended complaint, Barry's SAC lacks any factual detail and consists of allegations that are entirely duplicative of allegations from other legal actions. *See, e.g.*, *Crisp v. Allied Interstate Collection Agency*, Case No. 15-cv-303 (M.D.N.C.);[2] *Goldberg v. Northwest Trustee Servs.*, Inc., 15-cv-216-CWD (D. Idaho). For example, Barry copies the following allegation from the complaint in *Crisp*: "The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting *him*." *Compare Crisp*, 149 F. Supp. 3d 589, 592 (M.D.N.C. 2016) *with* SAC 6 (emphasis added). Her SAC appears in the same typeface and format as the complaints in *Crisp* and *Goldberg* and contain the same exact typos and grammatical errors. Without allegations specific to Barry and to Defendants, the Court finds no viable claim in the SAC.

Second, the conclusory allegations in the SAC fail to support with any specific facts any of

---

[2] In *Crisp*, the court noted that "Crisp's complaint consists of boilerplate accusations that appear to have been copied wholesale from a different legal action in Ohio." *Crisp*, 149 F. Supp. 3d at 590.

the FDCPA and TILA causes of action against Defendants. Moreover, the undisputed facts acknowledged by Barry and confirmed by the judicially noticed exhibits establish that no such claims can be viable. Given that Barry proffers no additional facts or legal bases that could remedy the deficiencies, leave to amend would be futile.

## IV. ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Barry's Second Amended Complaint with prejudice and without leave to amend.

Dated: March 27, 2017

_____
BETH LABSON FREEMAN
United States District Judge